## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>[3] JUAN MOLINA-CANDELARIO<br>Defendant. | CASE NO. 00-96(SEC) |

## UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT JUAN MOLINA-CANDELARIO'S MOTION FOR MODIFICATION OF SUPERVISED RELEASE

TO THE HONORABLE COURT:

COMES NOW the United States of America, through the undersigned attorneys, and before this Honorable Court, very respectfully states and prays as follows:

1. On October 16, 2001, the Honorable Court sentenced Molina-Candelario to sixty (60) months of imprisonment followed by four (4) years of supervised release (Dkt. No. 657), pursuant to a Plea Agreement with the United States which was filed on February 9, 2001 (Dkt. No. 433).

2. On July 20, 2007, defendant filed a "Motion for Modification of a Term of Supervised Release Pursuant 18 U.S.C. § 3583(e)(1)" (Dkt. No. 929).

3. Defendant is requesting from this Honorable Court to terminate supervised release, after completion of two (2) years of supervised release. In support of his claim Defendant avers that he has an "outstanding prison record and has served this last year of supervised release without incident". The Defendant also claims he has strong family ties with his four (4) children, and holds full time employment with the Department of Recreation and Sports in Caguas, Puerto Rico.

4. The United States respectfully submits its opposition against the early termination of supervised release for the following reasons: First, this Defendant was convicted of a conspiracy to

distribute a controlled substance, which is a serious offense and one of the most prevalent problems in the community of Puerto Rico. The term of supervised release imposed adequately promotes deterrence of such criminal conduct, while providing at the same time for the protection of the community from further crimes of this nature. See, U.S. v. Jeanes, 150 F.3d 483, 485 (5th Cir. 1998) ("*Jeanes* 'is a convicted felon, and certain consequences flow from the choices he has made.' *See* 18 U.S.C. § 3553(a)(2)(B) (noting that district court must consider whether its decision will 'afford adequate deterrence to criminal conduct')." Second, in this case the Defendant received all potential benefits in this case through the consideration and approval of a Plea Agreement with the United States. As such, Defendant's request for early termination of supervised release is without merit and unwarranted under these circumstances.

THEREFORE, the United States of America respectfully requests that Defendant's "Motion for Modification of a Term of Supervised Release Pursuant to 18 U.S.C. § 3583(e)(1)" be denied by this Honorable Court under the provisions of Title 18, United States Code, Section 3553(a) et. seq.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 2nd day of August, 2007.

Rosa Emilia Rodríguez-Vélez
United States Attorney


s\Ilianys Rivera Miranda
Ilianys Rivera Miranda - 223006
Assistant U.S. Attorney
Torre Chardon, Room 1201
350 Carlos Chardon Avenue
San Juan, PR 00918
Tel. (787) 766-5656
Ilianys.Rivera@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system to notify the counsels of record.

At San Juan, Puerto Rico, this 2nd day of August 2007.

s\Ilianys Rivera Miranda
Ilianys Rivera Miranda - 223006
Assistant U.S. Attorney

Westlaw.

150 F.3d 483

Page 1

150 F.3d 483
**(Cite as: 150 F.3d 483)**

**c**
U.S. v. Jeanes
C.A.5 (Tex.),1998.

United States Court of Appeals,Fifth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Larry Michael JEANES, Defendant-Appellant.
**No. 97-40933**
**Summary Calendar.**

Aug. 7, 1998.

Defendant who had pleaded guilty to possession of marijuana with intent to distribute, being a felon in possession of a firearm, and carrying a firearm during a drug-trafficking crime, and who had successfully moved under *Bailey* to vacate conviction and sentence for carrying firearm, subsequently moved for postsentence modification of term of supervised release on remaining convictions. The United States District Court for the Eastern District of Texas, William M. Steger, J., denied motion, and defendant appealed. The Court of Appeals, Jerry E. Smith, Circuit Judge, held that: (1) refusal to discharge defendant from supervised release was not an abuse of discretion, and (2) defendant was not entitled to credit against term of supervised release for time served and good-time credits earned in connection with vacated conviction, although such a claim was fully cognizable on motion for termination of supervised release.

Affirmed.
West Headnotes
**[1] Criminal Law 110 ☞1147**

110 Criminal Law
  110XXIV Review
    110XXIV(N) Discretion of Lower Court
      110k1147 k. In General. Most Cited Cases
District court's refusal to reduce defendant's term of supervised release after it vacated his conviction

and sentence for carrying a firearm during a drug-trafficking offense, pursuant to *Bailey*, would be reviewed for abuse of discretion. 18 U.S.C.A. § 924(c).

**[2] Sentencing and Punishment 350H ☞1953**

350H Sentencing and Punishment
  350HIX Probation and Related Dispositions
    350HIX(F) Disposition of Offender
      350Hk1953 k. Discharge of Probationer.
Most Cited Cases
  (Formerly 110k982.8)
Statute confers broad discretion on district court with respect to termination of term of supervised release. 18 U.S.C.A. § 3583(e)(1).

**[3] Sentencing and Punishment 350H ☞1953**

350H Sentencing and Punishment
  350HIX Probation and Related Dispositions
    350HIX(F) Disposition of Offender
      350Hk1953 k. Discharge of Probationer.
Most Cited Cases
  (Formerly 110k982.8)
District court did not abuse its discretion in refusing to discharge defendant from his remaining term of supervised release after he successfully moved to vacate his conviction for carrying a firearm during a drug-trafficking offense, pursuant to *Bailey*, and was released from prison and began serving term of supervised release on his two remaining convictions; court noted that probation office could, if warranted, modify conditions of supervised release, and found such an alternative superior to outright release, given defendant's status as felon. 18 U.S.C.A. §§ 924(c), 3552(a)(2)(C), 3583(e)(1).

**[4] Prisons 310 ☞15(3)**

310 Prisons
  310k15 Reduction of Term of Imprisonment and Discharge for Good Conduct
    310k15(3) k. Sentences to Which Applicable;

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

150 F.3d 483

150 F.3d 483
**(Cite as: 150 F.3d 483)**

Persons Entitled. Most Cited Cases

**Sentencing and Punishment 350H ⚖1943**

350H Sentencing and Punishment
    350HIX Probation and Related Dispositions
        350HIX(F) Disposition of Offender
            350Hk1942 Duration
                350Hk1943 k. In General. Most Cited
Cases
    (Formerly 110k982.7)
Time served and good-time credits obtained in
connection with sentence imposed following
defendant's conviction for carrying a firearm during
a drug-trafficking offense, which was later vacated
pursuant to *Bailey*, could not be applied to reduce
his term of supervised release on his remaining
convictions; incarceration and supervised release
are not fungible, since supervised release has
broader societal purpose of reducing recidivism. 18
U.S.C.A. § 924(c)

**[5] Sentencing and Punishment 350H ⚖1943**

350H Sentencing and Punishment
    350HIX Probation and Related Dispositions
        350HIX(F) Disposition of Offender
            350Hk1942 Duration
                350Hk1943 k. In General. Most Cited
Cases
    (Formerly 110k982.7)

**Sentencing and Punishment 350H ⚖1950**

350H Sentencing and Punishment
    350HIX Probation and Related Dispositions
        350HIX(F) Disposition of Offender
            350Hk1949 Modification of Term
                350Hk1950 k. In General. Most Cited
Cases
    (Formerly 110k982.7)
While fact that defendant had served prison term for
his conviction for carrying a firearm during a
drug-trafficking offense, which was later vacated
pursuant to *Bailey*, did not allow application of time
served and good-time credits on since vacated
sentence to be applied to his term of supervised
release on remaining convictions, claim for
time-served offset could be considered on motion

seeking termination of term of supervised release in
interest of justice. 18 U.S.C.A. §§ 924(c),
3583(e)(1).

**\*483** Tonda Lynne Grier, Asst. U.S. Atty., Tyler,
TX, for Plaintiff-Appellee.
Larry Michael Jeanes, Palestine, TX, pro se.

**\*484** Appeal from the United States District Court
for the Eastern District of Texas.

Before JONES, SMITH and STEWART, Circuit
Judges.
JERRY E. SMITH, Circuit Judge:
Larry Jeanes appeals the denial of his motion for
post-sentence modification of his term of supervised
release. We affirm.

I.

In 1992, Jeanes pleaded guilty to each count of a
three-count information charging him with
violations of 18 U.S.C. § 922(g) (felon in
possession of a firearm), 21 U.S.C. § 841(b)(1)(D)
(possession of marihuana with intent to distribute),
and 18 U.S.C. § 924(c) (carrying a firearm during a
drug-trafficking crime). He was sentenced to
twenty-one months on counts 1 and 2, to be served
concurrently, and sixty months on count 3, to be
served consecutively.

In 1996, Jeanes filed a motion under 28 U.S.C. §
2255 to vacate, set aside, or correct his sentence in
light of *Bailey v. United States,* 516 U.S. 137, 116
S.Ct. 501, 133 L.Ed.2d 472 (1995). Specifically,
Jeanes challenged the evidence underlying his §
924(c) plea, arguing that the evidence did not
support a finding that he actively employed the
firearm. The district court vacated the § 924(c)
judgment and sentence. Because Jeanes had
already served more than twenty-one months, he
was immediately released from custody and began
his term of supervised release stemming from the
remaining two counts.

Jeanes then filed a motion for post-sentence
modification of his term of supervised release,

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

150 F.3d 483

Page 3

150 F.3d 483
**(Cite as: 150 F.3d 483)**

arguing that the court should apply his good-time credits and time served to his supervised release term. The court denied the motion. [FN1]

> FN1. The government argues that we lack jurisdiction over this appeal because Jeanes's notice of appeal was not timely filed. This argument is without merit, as the record indicates that Jeanes filed notice within 10 days of entry of judgment.

II.

[1] The question presented is whether the district court erred in refusing to reduce Jeanes's term of supervised release. Jeanes deploys two overlapping arguments: that the court should have reduced his term pursuant to the plain language of 18 U.S.C. § 3583(e)(1) and should have reduced his term by applying his time served and good-time credits that accrued during his incarceration for the § 924(c) count. We review for abuse of discretion. *United States v. Grandlund,* 71 F.3d 507, 509 (5th Cir.1995), *clarified,* 77 F.3d 811 (5th Cir.1996).

A.

Jeanes argues that the district court abused its discretion by refusing to discharge him from his remaining term of supervised release pursuant to the statute's plain language. He points out that his conduct as a federal prisoner was exemplary and argues that the interest of justice warranted his release.

The district court, under § 3583(e)(1), may terminate a term of supervised release at any time after the defendant has served one year of supervised release. The statute directs the court to take into account a variety of considerations, including the nature of the offense and the history of the offender, as well as any implications for public safety and deterrence. These are largely the same considerations the court must assess when imposing the original sentence.

[2] After weighing these factors, the court may

discharge the defendant from supervised release "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." § 3583(e)(1). In sum, the statute confers broad discretion.

[3] The court noted that the probation office, should it find that Jeanes posed little danger to the community, could weaken his reporting requirements or otherwise modify the conditions of supervised release. Accordingly, the court concluded that keeping Jeanes under the continued supervision of the probation office was "a much better alternative**485** than completely removing [him] from the Probation Office's supervision." Jeanes paints these remarks as an abdication of the court's responsibility to consider on its own the merits of his motion-amounting, he says, to an abuse of discretion.

This is a mischaracterization: The district court explicitly considered such factors as Jeanes's exemplary conduct while in custody and the burden on his family stemming from continued supervision. These factors cut in favor of his claim. But the court also observed that Jeanes "is a convicted felon, and certain consequences flow from choices he has made." *See* 18 U.S.C. § 3553(a)(2)(B) (noting that district court must consider whether its decision will "afford adequate deterrence to criminal conduct").

Moreover, the court was agnostic as to whether Jeanes's discharge from supervision might pose a risk to the community. While lauding his behavior to date, the court was careful to note that problems might arise in the future. Accordingly, the court determined that continued supervision was the wisest choice. *See* 18 U.S.C. § 3553(a)(2)(C) (holding that district court must consider whether its decision will "protect the public from further crimes of the defendant"). Given the foregoing, we do not agree that the court abused its discretion.

B.

[4] Jeanes asks that his time served and good-time credits on the now-vacated § 924(c) sentence be

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

150 F.3d 483                                                                                                      Page 4

150 F.3d 483
**(Cite as: 150 F.3d 483)**

applied to reduce his term of supervised release. Although framed as a double-jeopardy challenge, his argument is essentially that he is entitled to reduction or termination of his supervised release term as compensation for the time served on the wrongful conviction and sentence.

Although we have yet to pass on the question, a similar situation was confronted in *United States v. Joseph,* 109 F.3d 34 (1st Cir.1997). There, a defendant whose § 924(c) conviction was vacated sought to have his term of supervised release (stemming from a separate, valid conviction) reduced accordingly. The court rejected his claim, observing that "imprisonment and supervised release are designed to serve very different purposes." *Id.* at 38. The court explained:
Rather than being punitive, supervised release is intended to facilitate "the integration of the violator into the community, while providing the supervision designed to limit further criminal conduct." Incarceration, to the contrary, does nothing to assist a defendant's transition back into society and is not a reasonable substitute for a portion of the supervised release term.

*Id.* at 38-39 (quoting U.S.S.G. ch. 7, pt. A, comment. (n. 4), p.s.) (internal citation omitted).[FN2]

> FN2. *See also United States v. Love,* 19 F.3d 415, 417 n. 4 (8th Cir.1994) (noting purposes of supervised release).

We agree that incarceration and supervised release are not fungible. The supervised release term serves a broader, societal purpose by reducing recidivism. While substituting wrongful incarceration time for supervised release time may even the ledger from the defendant's perspective, it affects the public by eliminating the defendant's transition period.

[5] We note that Jeanes's claim to a time-served offset is fully cognizable under § 3583(e)(1), which requires a district court to consider the "interest of justice" in deciding whether termination of a term of supervised release is appropriate. *See Joseph,* 109 F.3d at 39. So, in making its decision, a court

may take into account the fact that a defendant served time under a wrongful conviction and sentence. Like the First Circuit, however, we opt not to invent some form of "automatic credit" as a means of compensation. *See id.* Claims of injustice or unfairness may properly be evaluated-as one factor among many-under the broad and general directive of § 3583(e)(1).

AFFIRMED.

C.A.5 (Tex.),1998.
U.S. v. Jeanes
150 F.3d 483

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.